UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LEE,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>        Respondent. | No. CV 15-3500 JVS (FFM)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED |

Petitioner, a prisoner in state custody, constructively filed[1] a Petition for Writ of Habeas Corpus ("Petition") on or about April 23, 2015. Petitioner challenges a 1984 conviction and sentence for oral copulation, rape and robbery. Petitioner alleges that he did not appeal his conviction. (Petition at ¶¶ 3-5.) Petitioner also alleges that he commenced a round of habeas petitions in state court with respect to his judgement of conviction in 2014. (*Id*. at ¶6.)

---

[1] A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Although petitioner has not provided a proof of service, he dated the Petition April 23, 2015. Therefore, the Petition could not have been submitted to prison authorities prior to that date. The Court will assume that petitioner provided the signed Petition to authorities for mailing on the date he signed it.

1. **LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001). For prisoners whose convictions became final *pre*-AEDPA, such as petitioner[2], the one year limitations period is deemed to commence on April 25, 1996, the day after AEDPA's enactment date, and to expire one year later on April 24, 1997. *See, e.g., Bryant v. Arizona Attorney Gen.*, 499 F.3d 1056, 1058-59 (9th Cir. 2007). Therefore, petitioner had until April 24, 1997 to file a petition for habeas corpus in federal court.

However, petitioner did not initiate the present proceedings until a day short of 18 years after the limitations period expired. As a result, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

2. **STATUTORY TOLLING**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[2] Where, as here, the challenged judgment was not appealed, the conviction becomes final 60 days after the rendition of judgment. Cal. App. R. 8.308 (2009). Thus petitioner's conviction became final *pre*-AEDPA.

The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner filed his first state collateral challenge because there is no case "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review." *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)). "One full round" generally means that the statute of limitations is tolled while a petitioner is properly pursuing post-conviction relief, from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge. *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at 819. The period tolled includes the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." *Delhomme*, 340 F.3d at 819 (citing *Biggs*, 339 F.3d at 1048 n.1).

Here, petitioner does not appear to be entitled to any statutory tolling. Petitioner alleges that he first filed a state court habeas petitions challenging his conviction or sentence in 2014. (Petition at ¶6a(3).) As such, the state habeas petition could not have tolled the statute of limitations because the limitation period had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (holding that state habeas petition filed after expiration of AEDPA limitation period could not toll limitation period "because the limitations period had already run"); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (application of section 2244(d)(2) "'tolling provision does not . . .

///

3

'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run'") (citation omitted).

Accordingly, Petitioner is not entitled to statutory tolling. Thus, absent equitable tolling or an alternate start date, the Petition is untimely.

### 3.     EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible *and* the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner states that his constitutional rights were violated and that he should be entitled to relief. However, this statement does not demonstrate that extraordinary circumstances beyond petitioner's control made timely filing of a federal habeas petition impossible and that petitioner has acted diligently in pursuing his rights. Petitioner wholly fails to explain why he delayed 18 years in beginning to pursue collateral attacks on his conviction. Moreover, petitioner has made no showing of diligence, therefore, petitioner has not demonstrated that he is entitled to equitable tolling.

### 4.     NOTICE TO PETITIONER

In *Day v. McDonough*, 547 U.S. 198, 209, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006), the Supreme Court held that a District Court could properly exercise its discretion to raise the timeliness issue under AEDPA *sua sponte*, if (1) petitioner would not be significantly prejudiced; (2) the interests of justice would not be served by ignoring this particular time bar; and (3) it was not apparent from the record that respondent had intelligently chosen to waive the time bar. 547 U.S. at 211 and n.11.

The Court therefore provides petitioner with notice of its intent to dismiss the Petition as time-barred and will provide petitioner with an opportunity, by way of responding to an order to show cause, to demonstrate why the Petition should not be dismissed.

**5. ORDER TO SHOW CAUSE**

Because the Petition does not demonstrate any basis for tolling the statute, the Court orders petitioner to show cause in writing within 30 days of the date of this order why the Petition should not be dismissed as time-barred. If petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred.

IT IS SO ORDERED.

DATED: May 20, 2015

        /S/ FREDERICK F. MUMM
        FREDERICK F. MUMM
        United States Magistrate Judge